**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| MATTHEW BULMER, | : | |
| *Plaintiff,* | : | |
| v. | : | C.A. No.: <u>3:26-cv-1050</u> |
| LUSH ENTERPRISES, LLC, | : | |
| *Defendant.* | : | |
|  | : | <u>July 1, 2026</u> |

<u>COMPLAINT</u>

I.    <u>PRELIMINARY STATEMENT</u>

1. **This action seeks declaratory, injunctive and equitable relief, compensatory damages, and reasonable costs and attorney's fees for retaliation to which the Plaintiff was subjected when the Defendant Lush Enterprises, LLC,  took adverse employment actions, including termination from employment, on account of the Plaintiff's invocation of job-protected medical leave in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq* ("FMLA").**

2. **This action also seeks declaratory, injunctive and equitable relief, compensatory damages, and reasonable costs and attorney's fees for retaliation to which the Plaintiff was subjected when the Defendant Lush Enterprises, LLC,  took adverse employment actions, including termination from employment, on account of the Plaintiff's invocation of job-protected medical leave in violation of the Connecticut Family**

1

Medical Leave Act, Connecticut General Statute § 31-55kk *et seq* ("CTFMLA").

## II.  JURISDICTION

3. This Court has original jurisdiction over this action pursuant 28 U.S.C. § 1331 in that this action arises under the FMLA and may be "maintained against any employer … in any Federal or State court of competent jurisdiction…"  See 29 U.S.C. § 2617(a)(2).

4. This Court also has jurisdiction due the action arising under the CTFMLA which allows for an employee to "bring a civil action in a court of competent jurisdiction against the employer…" See Conn. Gen. Stat. § 31-51pp(e).

5. Additionally, this Court also has supplemental jurisdiction over the CTFMLA pursuant to 28 U.S.C. § 1367 *et seq*.

## III.  VENUE

6. Venue of this action lies in the District of Connecticut pursuant to 28 U.S.C. § 1391 *et seq*., because the Defendant does business within the State of Connecticut and the claims herein arose in this judicial district.

## IV.  PARTIES

7. Plaintiff MATTHEW BULMER ("Plaintiff") is a resident of the State of Connecticut.

8. Defendant, LUSH ENTERPRISES, LLC (hereinafter "Defendant"), is a limited liability company which, upon information and belief, is

incorporated in the State of Tennessee and operates under the d/b/a of "Replace Your University."

V.    <u>FACTS</u>

9.  Defendant is a financial education and coaching company.

10.  Upon information and belief, Defendant offers to its customers a multitude of services including, but not limited to, educational courses, live trainings and financial coaching as it relates to both debt-reduction and wealth-building.

11.  At all times relevant to this Complaint, Defendant employed at least fifty employees.

12.  Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(a)(i).

13.  Defendant is an "employer" as defined by the CTFMLA which states that an "employer" includes "a person engaged in any activity, enterprise or business who employs one or more employees…" See Conn. Gen. Stat. § 31-51kk(4).

14.  At all times relevant to this Complaint, Plaintiff resided in the State of Connecticut.

15.  On December 19, 2024, Defendant hired Plaintiff as an employee.

16.  Defendant initially assigned Plaintiff the job title and responsibilities of an Advisor.

17.  In or about March 2025, Defendant promoted Plaintiff to the job title of Senior Advisor.

18.  Plaintiff worked for Defendant exclusively from his home office in Connecticut.

19.  Defendant paid Plaintiff a salary and, in addition, provided him with the opportunity to earn commissions.

20.  Plaintiff's employment with Defendant was continuous from December 19, 2024 until December 21, 2025.

21.  Plaintiff was an "employee" of Defendant as defined by the FMLA, 29 U.S.C. § 2611(2).

22.  Plaintiff was an "employee" of Defendant as defined by the CTFMLA, Conn. Gen. Stat. § 31-51kk(1), (3).

23.  At all times relevant to tis Complaint, Defendant assigned Cody Hutchin ("Mr. Hutchin") to act as Plaintiff's direct supervisor.

24.  Plaintiff performed his job duties and responsibilities as an Advisor and a Senior Advisor in at least a satisfactory manner.

25.  Approximately one month after his hire, in or about January 2025, Plaintiff informed Mr. Hutchin that his fiancé was soon to give birth to their first child.

26.  Due to the impending birth, Plaintiff informed Mr. Hutchin that he would be requesting leave to spend time with his soon-to-be-born child.

27.  Mr. Hutchin actively discouraged Plaintiff from putting in the request.

28.  Nevertheless, Plaintiff put in the request for leave in accordance with the FMLA and the CTFMLA.

29.  Defendant denied Plaintiff's request for leave under the FMLA and CTFMLA.

30.  As a result, Plaintiff continued to work for Defendant.

31.  Plaintiff's child was born on or about March 9, 2025.

32.  In or around December 2025, Plaintiff once again informed Mr. Hutchin that he was planning on requesting a leave of absence in accordance with the FMLA and CTFMLA due to the birth of, and in order to care for, Plaintiff's child.

33.  Again, Mr. Hutchin attempted to discourage Plaintiff from taking the leave.

34.  Undeterred, Plaintiff once again put in his request with Defendant to take FMLA and CTFMLA leave, said leave to commence on December 21, 2025.

35.  Defendant's Human Resources representative, Ms. Ariel Avery ("Ms. Avery") approved Plaintiff's request for leave pursuant to the FMLA and CTFMLA.

36.  Defendant allowed Plaintiff to take an FMLA and CTFMLA-approved leave of absence from December 21, 2025 until approximately March 8, 2026, with a return to work date on March 9, 2026.

37.  As such, on December 21, 2025, Plaintiff's FMLA and CTFMLA leave of absence commenced.

38.  On or about March 4th, 2026, Plaintiff sent an email to Mr. Hutchin reminding him that Plaintiff's leave was expiring and that he was preparing to come back to work on March 9th.

39.  Mr. Hutchin did not respond to Plaintiff's March 4th email.

40.  Plaintiff returned to work from his FMLA and CTFMLA-approved leave on March 9, 2026.

41.  Plaintiff performed job-related work duties on March 9th including, but not limited to, participating in a mandatory meeting with co-workers and logging into the Defendant's instant messaging platform called "Slack."

42. Shortly after starting work on March 9th,  Mr. Hutchin messaged Plaintiff on the Slack Platform, stated that he thought Plaintiff was not returning to work until March 19th and, without justification, instructed Plaintiff that he was not to attend any more job-related meetings.

43.  Plaintiff complied with Mr. Hutchin's order and did not attend anymore meetings.

44.  On March 10, 2026, Mr. Hutchin ordered Plaintiff to attend a meeting with him (Mr. Hutchin) on March 11th.

45.  On March 11, 2026, Plaintiff attended the aforementioned meeting with Mr. Hutchin.

46.  In addition to Mr. Hutchin, Ms. Avery was attended the March 11th meeting.

47.  At the meeting, which was exactly two (2) days after he returned to work from his FMLA and CTFMLA-approved leave of absence, Mr.

Hutchin informed Plaintiff that his employment with Defendant was being terminated, effective immediately.

48. During the meeting, Mr. Hutchin informed Plaintiff that his termination was because Plaintiff was "no longer a good culture fit."

49. During the meeting, Mr. Hutchin informed Plaintiff that the decision to terminate him was not related in any way to Plaintiff's job performance.

50. After the meeting, Ms. Avery sent to Plaintiff a formal termination letter.

51. In the letter, Ms. Avery stated that the reason for Plaintiff's termination from employment was "due to misalignment with organizational culture and expectations for professional conduct and collaboration."

52. Mr. Hutchin's decision to terminate Plaintiff due to being "no longer a good culture fit" is false.

53. Ms. Avery's reasoning for terminating Plaintiff's employment "due to misalignment with organizational culture and expectations for professional conduct and collaboration" is false.

## COUNT I: FMLA RETALIATION.

54. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

55. By and through the aforementioned intentional actions, the Defendant has violated the FMLA, 29 U.S.C. § 2601, *et seq.,* by retaliating against Plaintiff due to his invocation of job-protected medical leave, said retaliation including, but not being limited to, terminating Plaintiff's employment two (2) days after he returned from FMLA-approved leave.

56. Plaintiff was damaged as a direct and proximate result of Defendant's intentional conduct.

## COUNT II: CTFMLA RETALIATION

57. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

58. By and through the aforementioned intentional actions, the Defendant has violated the CTFMLA, Conn. Gen. Stat. § 31-51kk *et seq.*, by retaliating against Plaintiff due to his invocation of job-protected medical leave, said retaliation including, but not being limited to, terminating Plaintiff's employment two (2) days after he returned from CTFMLA-approved leave.

59. Plaintiff was damaged as a direct and proximate result of Defendant City's intentional conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

(1) declare that the actions/inactions complained of in this Complaint are unlawful;

(2) order the Defendant to immediately re-hire Plaintiff to the position of Senior Advisor;

(3) order Defendant to require its managerial and administrative employees to undertake mandatory trainings with respect to job-protected medical leave, including applicable anti-retaliation provisions, in accordance with the FMLA and CTFMLA;

(4) order Defendant to revise their employment policies, procedures and regulations to ensure compliance with Federal and State law pertaining to anti-retaliation in the workplace and to order monitoring by this Court or its designee(s) to ensure compliance.

(5)  order the Defendant to make Plaintiff whole;

(6)  **order that the Defendant pay Plaintiff's compensatory damages;**

(7)  **order that the Defendant pay Plaintiff's punitive damages;**

(8)  **retain jurisdiction of this action to ensure full compliance;**

(9)  **order any and all equitable relief sought in this Complaint;**

(10)  **order the Defendant to pay Plaintiff's costs and expenses and reasonable attorney's fees;**

(11)  **grant such other legal or equitable relief to Plaintiff as the court deems just and proper.**

**Respectfully submitted by,**
**Plaintiff,**
**By and through his attorney,**

*/s/  Daniel T. Angelone #CT29307*
**Daniel T. Angelone (# CT29307)**
**ANGELONE LAW OFFICES, L.L.C.**
**799 Silver Lane**
**2nd Floor**
**Trumbull, CT  06611**
**203-378-2979**
**203-375-5003 (fax)**
**daniel@angelonelaw.com**

9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| MATTHEW BULMER, | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | :     C.A. No.: C.A. No.: **3:26-cv-1050** |
| | : |
| LUSH ENTERPRISES, LLC, | : |
| | : |
| *Defendant.* | : |
| | :     **July 1, 2026** |

**JURISDICTIONAL AMOUNT SUFFICIENCY AND DEMAND FOR JURY TRIAL**

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

Plaintiff hereby demands a trial by jury.

> Respectfully submitted by,
> Plaintiff,
> By and through his attorney,
>
>
> */s/  Daniel T. Angelone #CT29307*
> **Daniel T. Angelone (# CT29307)**
> **ANGELONE LAW OFFICES, L.L.C.**
> **799 Silver Lane**
> **2nd Floor**
> **Trumbull, CT  06611**
> **203-378-2979**
> **203-375-5003 (fax)**
> **daniel@angelonelaw.com**

10